GILLESPIE, Presiding Justice:
The claimants, dependents of Charles Duett, deceased employee of Dennis Brothers Construction Company, hereinafter called Dennis Brothers, made claim for workmen’s compensation benefits. After a full hearing, the attorney-referee denied the ■claim, and this denial was affirmed by the full Workmen’s Compensation Commission. On appeal to the circuit court the order of the Commission was reversed, and death benefits under the Workmen’s Compensation Act were awarded. The employer and its workmen’s compensation insurance carrier appealed to this Court. We reverse, and dismiss the claim.
The deceased employee, Duett, was general superintendent of three highway construction jobs being performed by Dennis Brothers, one each in Jasper, Rankin and Covington Counties. The construction job in Rankin County was at Pelahatchie, and the superintendent of the Rankin County job was ill. On June 1, 1965, about noon, Duett and the owner of Dennis Brothers met at Pelahatchie. Duett was requested to talk to the job superintendents in Jasper and Covington Counties and to make certain shifts of the job superintendents and other employees on the three jobs. Duett went to the Jasper County job, and later to the Covington County job, and discussed the proposed changes with the superintendents. About 7 p. m. on the same day Duett telephoned Dennis Brothers and reported difficulty in arranging the shifting of men on the several jobs. Duett was requested to talk to the men again. Duett again discussed the matter with the two job superintendents, and in about forty-five minutes called Dennis Brothers and reported that the two job superintendents were quitting, and that he, Charles Duett, was quitting also; that the next day all three would take the vehicles furnished them by Dennis Brothers to Philadelphia, Mississippi, and leave them at a service station. That was the last contact Dennis Brothers had with Duett.
Duett, the two job superintendents, and one other employee of Dennis Brothers discussed the matter concerning the jobs until about 11 p. m., when two of them went to bed. Duett and Rudolph Tucker, superintendent on the Jasper County job, went to a restaurant in Collins. Each had had two drinks of whiskey during the evening, but they were not drunk. Tucker ordered coffee and Duett ordered water, and they continued to discuss their employment problems. Duett had decided to stay on the job. Duett requested the waitress to give him a menu, and she gave him one, and he asked the waitress “whether we couldn’t have two damn menus and said the damn service was poor around there” and things of that order. The waitress either called the police or had them called, and presently a police officer arrived and said to Duett and Tucker, “If you Dennis Brothers bunch think you’re going to take this town over, you’re wrong. I’ll get you every chance I get.” The officer arrested Tucker and Duett, apparently for disturbing the peace, and after the officer, Tucker and Duett reached the officer’s automobile, Duett said to the officer that if he had insulted the waitress he was sorry. The officer then took the two men to the jail, and when they got inside, Duett again offered to apologize and pay a fine. The officer proceeded to place Tucker and Duett in a cell, and as the officer reached *90 around Duett to open the cell door, his arm slightly brushed Duett. Duett then hit the officer in the mouth with sufficient force to knock him through a doorway. The officer drew his gun and shot Duett in the abdomen, and Duett died in about an hour. The officer made no assault on Duett prior to the shooting.
We find it unnecessary to consider whether there was a legal arrest of Duett and Tucker, but the Workmen’s Compensation Commission was fully justified in finding as a fact that Duett was arrested because he used abusive language to the waitress, which had nothing to do with his employment. The Commission was justified in finding also that from the time Duett left the cafe in custody of the officer until he was fatally shot, he was not in the course of his employment and that his death did not arise out of and in the course of his employment.
The Commission’s denial of compensation was also fully justified under Mississippi Code Annotated section 6998-04 (Supp.1964), which provides in part as follows:
No compensation shall be payable if the intoxication of the employee was the proximate cause of the injury or if it was the willful intention of the employee to injure or kill himself or another.
It is shown by the undisputed evidence of claimants’ own witness that the officer did not provoke the assault by Duett which immediately preceded the firing of the fatal shot. It is clear that the proximate cause of the injury and death of Duett was his willful intention to injure the officer. Since the evidence is undisputed that Duett’s injury and death were proximately caused by his willful intention to injure the officer, the Commission would be required to deny the claim if Duett had been in the course of his employment when the fatal encounter took place.
The statement by the officer concerning the “Dennis bunch” did not require a finding that the arrest was made because Tucker and Duett worked for Dennis Brothers.
Claimants contend that because Tucker and Duett were discussing Dennis Brothers’ business while at the cafe, they were on the job, and there is a presumption that the injury and death of Duett arose out of and in the course of his employment. Every fact leading up to the injury and death in this case was fully developed by the testimony, and the case is not one for the application of the presumption. Moreover, the presumption is a rebuttable one, and the evidence in this case shows without dispute that the unfortunate death of Duett was proximately caused by his intentional and uriprovoked assault on the officer.
We are therefore of the opinion that the judgment of the circuit court should be reversed, and the order of the Commission is reinstated.
Reversed, and order of Workmen’s Compensation Commission reinstated.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.